J. A10004/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN CHRISTOPHER WILLIAMS, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 2191 EDA 2016 |

Appeal from the Judgment of Sentence June 24, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003673-2015

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:          **FILED OCTOBER 04, 2017**

Appellant, Shawn Christopher Williams, appeals from the June 24, 2016 Judgment of Sentence entered in the Northampton County Court of Common Pleas. A jury convicted Appellant of three offenses arising from his failure to comply with the registration and verification requirements of the Sexual Offender Registration and Notification Act ("SORNA"). On appeal, he challenges the retroactive application of the penalty provisions enacted to enforce SORNA averring that they violate the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions. In light of our Supreme Court's recent decision in ***Commonwealth v. Muniz***, ___ A.3d ___, No. 47 MAP 2016 (Pa. filed July 19, 2017), we vacate Appellant's convictions.

On December 4, 1998, a jury found Appellant guilty of sexual assault, graded as a felony of the second degree. The trial court sentenced Appellant to 4 to 10 years of imprisonment.

Following Appellant's sentencing, the General Assembly subsequently passed Megan's Law II, under which Appellant was required to register as a sex offender for ten years. Our General Assembly passed two more versions of Megan's Law, the most recent being SORNA which was enacted on December 20, 2011 and became effective of December 20, 2012. Under SORNA, Appellant is deemed a Tier III offender and subject to a lifetime registration requirement.

Appellant has violated SORNA's registration requirements twice: once in late 2013, and again in late 2015. The 2015 violation is the subject of the instant appeal.[1]

On October 25, 2015, the Commonwealth charged Appellant with three counts related to his failure to complete his quarterly registration requirement with the Pennsylvania State Police: Failure to Register, Failure to Verify Address, and Failure to File Accurate Registration Information.[2] Appellant elected to proceed by way of a jury trial, and on June 1, 2016, the jury convicted Appellant of all counts. On June 24, 2016, the trial court

---

[1] On June 2, 2014, Appellant pled *nolo contendere* to charges that he failed to register as required in late 2013. The trial court sentenced Appellant to five years of probation.

[2] 18 Pa.C.S. §§ 4915.1(A)(1), 4915.1(A)(2), and 4915.1(A)(3), respectively.

. A10004/17

sentenced Appellant to three consecutive terms of 33 to 120 months in prison.

Appellant filed a timely notice of appeal, raising a single issue: "[i]s SORNA unconstitutional because the penalties imposed for failing to comply are punitive and therefore violate *ex post facto* laws?" Appellant's Brief at 4.

On July 18, 2017, this Court issued an Opinion stating that we were constrained by prior precedent to conclude that SORNA did not violate *ex post facto* laws. The following day, our Supreme issued its Opinion in **Commonwealth v. Muniz**, __ A.3d __, No. 47 MAP 2016 (Pa. filed July 19, 2017) (OAJC), wherein the Court held that SORNA's registration requirements violate the *Ex Post Facto* Clause of the Pennsylvania Constitution.[3]

In light of **Muniz**, this Court entered an Order withdrawing our July 18th Opinion. In subsequent Post-Submission Communications, Appellant and the Commonwealth both agree that Appellant is entitled to relief.

---

[3] Although a plurality Opinion Announcing the Judgment of the Court ("OAJC") has no precedential value, "where a concurring opinion enumerates the portions of the plurality's opinion in which the author joins or disagrees, those portions of agreement gain precedential value." **Commonwealth v. Brown**, 23 A.3d 544, 556 (Pa. Super. 2011). In **Muniz**, the OAJC found that SORNA violates the *Ex Post Facto* Clauses under both the Pennsylvania and United States Constitutions. Justice Wecht's Concurring Opinion, joined by Justice Todd, found that SORNA violates the Pennsylvania Constitution and declined to consider whether SORNA violates the United States Constitution. Thus, the binding precedent arising out of **Muniz** is limited to the finding that SORNA's registration requirements violate the *Ex Post Facto* Clause of the Pennsylvania Constitution

Because Appellant was convicted in 1998 of the offense triggering SORNA's applicability—more than a decade before SORNA was passed into law—pursuant to **Muniz**, SORNA's retroactive application violated the *Ex Post Facto* Clause of the Pennsylvania Constitution. Accordingly, Appellant's convictions for failing to comply with registration requirements which ought never have applied to him must be vacated.

Convictions and Judgment of Sentence vacated. Case remanded.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2017